IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMANCIO ABURTO-GAMINO, ) | | |
| ID # 99059-179, ) | | |
| Movant, ) | | No. 3:14-CV-4365-L (BH) |
| vs. ) | | (No. 3:13-CR-0193-L) |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
| Respondent. ) | | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received December 12, 2014 (doc. 2), should be **GRANTED** as to the first claim regarding an out-of-time appeal, the criminal judgment in No. 3:13-CR-193-L should be reentered, and the remaining § 2255 claims should be **DISMISSED** without prejudice.

**I.  BACKGROUND**

Amancio Aburto-Gamino (Movant) challenges his federal conviction and sentence in Cause No. 3:13-CR-193-L.  The respondent is the United States of America (Government).

**A.     Plea and Sentencing**

On June 4, 2013, Movant was indicted for illegal reentry after removal from the United States in violation of 8 U.S.C. § 1326(a), (b)(2).  (*See* No. 3:13-CR-193-L, doc. 1.)  On August 6, 2013, he pled guilty, and he was sentenced to 78 months' imprisonment on December 16, 2013. (*Id*., docs. 17, 28, 33, 37.)  On that same date, he pled true to a violation of supervised release in Cause No. 3:13-CR-468-L, which had been transferred to this Court, his supervised release was revoked, and he was sentenced to six months' imprisonment on that case. (*Id*., doc. 33 at 22-27; No.

13-CR-468-L, doc. 14.) Petitioner did not appeal his illegal reentry case, No. 3:13-CR-193-L. On December 30, 2013, counsel filed a notice of appeal on his behalf in the supervised release revocation case. (No. 13-CR-468-L, doc. 16.)

**C.     Substantive Claims**

Movant's § 2255 motion, filed December 12, 2014, raises the following grounds:

(1)  Counsel was ineffective for failing to file a notice of appeal requested by Movant;

(2)  Counsel was ineffective for failing to negotiate a plea agreement;

(3)  Counsel was ineffective for advising him to plead guilty without the benefit of a plea agreement; and

(4)  Counsel was ineffective for failing to:

   (a) change the date of the plea hearing, which caused Movant to be represented by another attorney; and

   (b) argue important aspects of the case at the sentencing hearing; and

(5)  The Court imposed a substantively unreasonable sentence.

(doc. 2.)  The Government filed a response on February 6, 2015.  (doc. 9.)  Movant filed a reply brief on February 26, 2015.  (doc. 26.)

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).  It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL - FAILURE TO FILE NOTICE OF APPEAL

Movant contends that counsel failed to file a notice of appeal in his illegal reentry case despite his request to appeal, and instead erroneously filed a notice of appeal in the supervised release revocation case. (doc. 4 at 3.)

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. To successfully state a claim of ineffective assistance of counsel, a movant must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

"There is no constitutional right to appeal a criminal sentence." *United States v. Burns*, 433 F.3d 442, 445 (5th Cir. 2005) (citing *Jones v. Barnes*, 463 U.S. 745 (1983)). Counsel "is not burdened by any general duty to perfect an appeal of every criminal conviction." *White v. Johnson*,

3

180 F.3d 648, 652 (5th Cir. 1999). Counsel's failure to pursue an appeal can amount to ineffective assistance under *Strickland*, however. *See United States v. Tapp*, 491 F.3d 263, 265 (5th Cir. 2007) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 483-86 (2000)). A defendant receives ineffective assistance of counsel if the defendant directs counsel to file an appeal, but counsel does not do so. *Id*. at 265-66. Prejudice is presumed, regardless of the potential merits of an appeal and regardless of any appellate waiver. *Id*. at 266. When a defendant is denied the opportunity to appeal due to ineffective assistance of counsel, the defendant is entitled to an out-of-time appeal. *United States v. West*, 240 F.3d 456, 459 (5th Cir. 2001).

Here, the Government agrees that Movant is entitled to an out-of-time appeal. Movant contends that he instructed counsel to file a notice of appeal in the illegal re-entry case after he was sentenced, and that counsel said he would do so. (doc. 4 at 3.) Movant was later contacted by an attorney who said she represented him on appeal. (*id*. at 3.) Movant believed she was representing him in an appeal of the illegal reentry case. (*id*. at 4.) By letter dated July 28, 2014, appellate counsel informed him that although Movant had requested an appeal in the illegal reentry case, the notice of appeal was erroneously filed in the supervised release revocation case. (doc. 4 at 31). She advised Movant that he needed to seek relief through a § 2255 motion to vacate by raising a claim of ineffective assistance of counsel for failure to file a notice of appeal as requested. (*id*.) The appeal in the supervised release revocation case was dismissed on Movant's motion. (*See* No. 3:13-CR-468-L, doc. 22.); *see also United States v. Aburto-Gamino*, No. 14-10003 (5th Cir., Sept. 3, 2014).

Movant has shown he is entitled to an out-of-time appeal because counsel did not file a notice of appeal in the illegal reentry case, as requested. When an out-of-time appeal is warranted,

4

the criminal judgment should be reentered, which begins a new period of time in which to appeal. *United States v. West*, 240 F.3d at 462. Movant's remaining claims should be dismissed without prejudice. *United States v. Rivas*, 450 F. App'x 420, 429-30 (5th Cir. 2011).

## IV. RECOMMENDATION

The Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 should be **GRANTED** as to the first claim regarding an out-of-time appeal, the criminal judgment in No. 3:13-CR-193-L should be reentered, and the remaining § 2255 claims should be **DISMISSED** without prejudice.

**SO RECOMMENDED on this 11th day of January, 2017.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE